**NOT FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

```
ROBERT S. MATHES,[1] COMMISSIONER OF  )
THE VIRGIN ISLANDS DEPARTMENT OF      )
PLANNING AND NATURAL RESOURCES, IN    )
HIS CAPACITY AS TRUSTEE FOR THE       )
NATURAL RESOURCES OF THE TERRITORY    )
OF THE UNITED STATES VIRGIN           )
ISLANDS, and IN HIS CAPACITY  AS      )    Civil No. 2006-229
ASSIGNEE OF THE CLAIMS OF L'HENRI,    )
INC.,                                 )
              Plaintiff,              )
                                      )
         v.                           )
                                      )
VULCAN MATERIALS COMPANY and THE      )
DOW CHEMICAL COMPANY,                 )
                                      )
              Defendants.             )
_____)
```

**ATTORNEYS:**

**John K. Dema, Esq.**
St. Croix, U.S.V.I.
     *For the plaintiff,*

**Gordon C. Rhea, Esq.**
Mt. Pleasant, SC
     *For the plaintiff,*

---

[1] The Complaint originally named Dean C. Plaskett ("Plaskett"), former Commissioner of the United States Virgin Islands Department of Planning and Natural Resources, as the plaintiff in this matter.  Since that time, Robert S. Mathes ("Mathes") succeeded Plaskett as the Commissioner of the United States Virgin Islands Department of Planning and Natural Resources.  As such, Mathes is automatically substituted for Plaskett as the plaintiff in this matter. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.").

*Mathes v. Vulcan, et al.*
Civil No. 2006-229
Order
Page 2

**Douglas C. Beach, Esq.**
**Carol Ann Rich, Esq.**
St. Thomas, U.S.V.I.
    *For defendant Vulcan Materials Company,*

**Richard H. Hunter, Esq.**
St. Croix, U.S.V.I.
    *For defendant The Dow Chemical Company.*

## ORDER

**GÓMEZ, C.J.**

In March, 2007, the plaintiff in this matter, Robert S. Mathes ("Mathes," or the "Commissioner"), Commissioner of the United States Virgin Islands Department of Planning and Natural Resources ("DPNR") filed a pleading, styled as a "Suggestion to Dismiss." That pleading invites the Court to dismiss this matter without prejudice for lack of subject-matter jurisdiction. Resolution of the issue of whether this Court has subject matter jurisdiction over this matter may depend on whether the defendants in this matter are "covered persons" under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"). *See* 42 U.S.C. § 9607. Accordingly, it is hereby

**ORDERED** that, no later than Friday, July 24, 2009, the parties shall submit briefs, supported by affidavits or other competent evidence, on the following questions:

    1.   In light of the recent decision of the Supreme Court of

*Mathes v. Vulcan, et al.*
Civil No. 2006-229
Order
Page 3

        the United States in *Burlington Northern and Santa Fe Ry. Co. v. United States*, --- U.S. ---, 129 S.Ct. 1870, 1874 (2009), do the defendants qualify as "arrangers" within the meaning of 42 U.S.C. § 9607(a)(3)?

2. Did the defendants enter into the sale of chemicals to L'Henri, Inc. ("L'Henri") with the intention that at least a portion of the product be disposed of during the transfer process by one or more of the methods described in 42 U.S.C. § 6903(3)?

3. Do the defendants fall within any of the other categories of "covered persons" set forth in 42 U.S.C. § 9607(a) ("Section 9607(a)")?

It is further

**ORDERED** that an evidentiary hearing on the matter shall commence promptly at 9:30 a.m. on July 30, 2009.

                                      S\_____
                                        **Curtis V. Gómez**
                                           **Chief Judge**